# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING |
| V. | TRIAL |

EULETERO VARGAS TRUJILLO      Case Number:    A-10-CR-124(17) SS
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact
### Alternative Findings (A)

✔ (1) There is probable cause to believe that the defendant has committed an offense:
- ✔ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801, et seq.
- ☐ under 18 U.S.C. § 924(c).

✔ (2) The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, as established by finding (1).

### Alternative Findings (B)

✔ (1) There is a serious risk that the defendant will not appear.
- ☐ The defendant is not a citizen of the United States and is not lawfully admitted for permanent residence.

The defendant is a lawful permanent resident of the United States, and a citizen of Mexico. He has resided the majority of his life in the United States, in the Austin area. He does, however, have many ties to Mexico. Further, if convicted of a drug trafficking charge, he will be subject to removal without exception. The charge against him carries a mandatory 10 year minimum sentence, and the Government appears to have a strong case. While the court could try to create sufficient incentives for the defendant to remain in the U.S., the are no conditions the court could set that would reasonably assure his appearance, as the risk of "self deportation" is too high in the current circumstances. There may, however, be circumstances in which a different result might be reached (for example, a disposition of the case in a manner that would preserve the defendant's residency in the U.S.), and thus the court will not completely rule out the possibility of release on conditions at a future time.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Alternative Findings (C)

☐ The defendant is currently on probation, supervised release, or parole for an offence under federal, state or local law.

### Alternative Findings (D)

☐ After consulting with counsel, defendant waived his right to a hearing at this time, without prejudice to seeking release in the future.

## Part II—Written Statement of Reasons for Detention

Based on the findings set forth above, I find that the credible testimony and information submitted at the hearing establishes by:

✔ a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance.
☐ clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

March 10, 2010
*Date*

*Signature of Judicial Officer*
Andrew W. Austin, United States Magistrate Judge
*Name and Title of Judicial Officer*